## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

|  |  |
|---|---|
| **CRAIG GOOD,** | **Case No. 5:23-cv-04319-JDW** |
| *Petitioner,* | |
| v. | |
| **KEN HOLLIBAUGH, et al.,** | |
| *Respondents.* | |

### MEMORANDUM

Craig Good objects to Magistrate Judge Lynne A. Sitarski's Report and Recommendation recommending that I deny Mr. Good's petition for a writ of habeas corpus. I will adopt Judge Sitarski's R&R because, after review, I conclude that the R&R identifies the issues Mr. Good raised in his petition, cites the correct standard of review, and applies that standard to the facts. I address Mr. Good's objections below.

### I.   BACKGROUND

On October 29, 2018, a jury in the Berks County Court of Common Pleas convicted Mr. Good of four counts of receiving stolen property and identity theft; three counts of criminal trespass, loitering, and prowling at nighttime; and two counts of theft by unlawful taking. He was sentenced to 16.5 to 40 years in jail. Mr. Good filed a post-sentence motion in the Pennsylvania Superior Court on December 17, 2018, which the Superior Court denied. Mr. Good then filed a direct appeal to the Superior Court. The Superior Court

affirmed the judgment of sentence on September 6, 2019. Mr. Good did not appeal to the Pennsylvania Supreme Court.

On March 11, 2020, Mr. Good filed a Motion for collateral relief under Pennsylvania's Postconviction Relief Act. The PCRA court appointed counsel to represent Mr. Good in those proceedings. The appointed lawyer reviewed the file and then filed a petition to withdraw as counsel. In his petition, he expressed his view that Mr. Good had no meritorious issues to raise in PCRA proceedings. On May 27, 2022, the PCRA trial court issued its Order and Notice of Intent to Dismiss the PCRA petition without a hearing. It dismissed the petition on February 2, 2023.

Mr. Good appealed the PCRA court's ruling to the Superior Court, but he did not file a corresponding brief. The Superior Court denied his appeal for failure to file a brief on June 6, 2023. Mr. Good says he didn't file a brief because the Public Defender's office said they had his records. (ECF No. 21 at p. 3.)

On August 8, 2023, Mr. Good filed the Petition for a Writ Of Habeas Corpus pursuant to 28 U.S.C. § 2254. In his Petition, Mr. Good asserts four grounds for relief: (1) a police officer violated his Fourth Amendment rights during a search; (2) the use of DNA evidence at his trial was improper and ultimately prejudicial because the DNA did not belong to him, and the evidence was incorrectly stored while in police custody; (3) his identification at trial was questionable because one witness failed to identify him, his trial counsel was unable to bring alibi witnesses due to insufficient funding, and the District

2

Attorney failed to bring the alibi witnesses despite placing them on the witness list; and

(4) the merger at trial of the charges for four different home invasions was prejudicial.

I referred Mr. Good's petition to United States Magistrate Judge Lynne A. Sitarski

for a Report and Recommendation. On May 14, 2024, Judge Sitarski issued an R&R

recommending that I dismiss Mr. Good's petition because his first three claims are

unexhausted and procedurally defaulted, and his last claim is non-cognizable in habeas.

The R&R sets forth the relevant facts related to the issues, and I need not repeat them

here. On May 21, 2024, Mr. Good filed objections to the R&R, and the County responded.

The objections are ripe for review.

## II.    LEGAL STANDARD

Under 28 U.S.C. § 2254(b)(1), an applicant for a writ of habeas corpus who is subject

to judgment of a State court must first exhaust the remedies available in State court. *See*

*Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). A petitioner must show that the claims

have been "fairly presented to the state courts." *Castille v. Peoples*, 489 U.S. 346, 351

(1989). To fairly present his claim, a petitioner must present its "factual and legal substance

to the state courts in a manner that puts them on notice that a federal claim is being

asserted." *McCandless v. Vaughn*, 172 F.3d 255, 261 (3d Cir. 1999). A state prisoner

exhausts state remedies by giving the "state courts one full opportunity to resolve any

constitutional issues by invoking one complete round of the State's established appellate

review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). In Pennsylvania, one

complete round includes presenting the federal claim through the Superior Court on direct or collateral review. *See Lambert v. Blackwell*, 387 F.3d 210, 233-34 (3d Cir. 2004). The failure to properly present claims to the state court generally results in a procedural default. *See Lines v. Larkin*, 208 F.3d 153, 683 (3d Cir. 2000).

**DISCUSSION**

**A.    Claims I, II, & III**

Judge Sitarski's R&R applies the correct standards and reaches the correct conclusion that Mr. Good failed to exhaust his first three claims in state court, which renders them procedurally defaulted. Mr. Good did not raise these issues either in his direct appeal or in his PCRA proceeding, so the state courts had no opportunity to rule on them, which renders them unexhausted. And the PCRA's one-year statute of limitations would bar any new claim that he might try to assert. *See* 42 Pa. C.S.A. § 9545(b)(1). So they are procedurally defaulted. *See Keller v. Larkins*, 251 F.3d 408, 415 (3d Cir. 2001)

Mr. Good does not object to Judge Sitarski's findings that Claims I – III are unexhausted and procedurally defaulted. Instead, he appears to argue that I should excuse the procedural default because he has a "credible claim of actual innocence." (ECF No. 21 at 2.) A court may not review the merits of procedurally defaulted claims unless there is a fundamental miscarriage of justice. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991). To establish a fundamental miscarriage of justice, a petitioner must

demonstrate actual innocence. *See Schlup v. Delo*, 513 U.S. 298, 324-26 (1995). Actual innocence requires a petitioner to show "new reliable evidence... that was not presented at trial," and that it is more likely than not that no reasonable jury would have found him guilty beyond a reasonable doubt. *See id.* at 324, 327. Mr. Good's objection falls well short of that burden. At most, he contends that there is "new reliable evidence that was not presented at trial because police decided it would not help." (ECF No. 21 at 2.) But parroting the relevant standard and failing to identify the alleged new evidence is not enough to establish his actual innocence. Mr. Good therefore cannot overcome his procedural default.

## B.   Claim IV

Mr. Good does not object to, or even address, Judge Sitarski's findings regarding his fourth claim that the merger at his trial of the charges for all four home invasions was prejudicial. On that basis alone, I can adopt the R&R. *See* Local R. Civ. P. 72.1(IV)(b) (requiring objectors to "specifically identify the portions" of an order to which they object). In any event, Mr. Good could not prevail even if he did object. As Judge Sitarski explains, claims asserting violations of state law, or challenging a state court's interpretation of state law, are non-cognizable on federal habeas review. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). It's well established that "the action of the trial court in consolidating indictments is not open to attack on a habeas corpus proceeding." *U. S. ex rel. Sliva v. Com. of Pa.*, 196 F. Supp. 51, 53 (E.D. Pa. 1961). Therefore, Judge Sitarski's

R&R correctly applies the standard and correctly concludes that Mr. Good's claim that consolidating his four charges was prejudicial is a non-cognizable challenge on federal habeas review. Indeed, Mr. Good does not argue otherwise.

### III.   CONCLUSION

Mr. Good's objections lack merit. I will approve and adopt Judge Sitarski's R&R and overrule those objections. An appropriate Order follows.

**BY THE COURT:**

*/s/ Joshua D. Wolson*
**JOSHUA D. WOLSON, J.**

September 10, 2024